# STATE OF FLORIDA v SABATELLI

## Case No. 89-16581 TC A02

County Court, Palm Beach County

August 2, 1989

### APPEARANCES OF COUNSEL

**Fannie Sheiman,** Assistant State Attorney, for plaintiff.

**Gregg Lerman,** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the

Defendant's motion to suppress the results of his breath test, and the Court having heard argument of counsel, hereby grants the motion.

The facts of the case are not in dispute. Both parties stipulated that the Defendant, after being arrested for DUI, gave three breath samples to be analyzed. Only the first and the third produced blood/alcohol results. The second test was automatically aborted by the instrument. The first test result showed a .24% blood/alcohol level; the second test result showed a .27% level.

The Defendant asserts that the Trooper violated a rule of HRS which requires a third breath test or a blood test be given where the two test results are not within .02% of one another. The Defendant's test results were different by .03%.

The State asserts that there is no rule requiring the giving of a third test.

The State's position finds support in the Circuit Appellate case of *State v Manfredi,* 85-595 AC (F) (1986).

This Court has had occasion to rule on this identical issue previously, in the case of *State v Humphries,* 25 Fla. Supp.2d 100 (County Ct. 15th Jud. Cir. 1987; 86-151014 TT A02) and *State v Dekay,* 27 Fla. Supp.2d 8 (County Ct. 15th Jud. Cir. 1987; 87-049298 TT A02).

These cases explain in some detail (which will not be repeated herein) the rationale of the Court's decision in the case at bar including its reason for failing to following *Manfredi, supra.*

In addition, the Court notes that the instrument used in the Defendant's case is a highly sophisticated, computerized model. The machine automatically aborts a test for several reasons, such as where there is something wrong with the machine (it is self-testing), where there is some other substance in the Defendant's breath that is interfering with the analysis of the alcohol, or where there is mouth-alcohol (as opposed to breath alcohol) present. Any one of these conditions would raise doubts about the tests' accuracy as it relates to the determination of the actual amount of alcohol present in the Defendant's blood. Therefore, the fact that the machine aborted during the intervening test further causes there to be a reasonable question regarding the scientific validity of the Defendant's breath test results. This question could have been cleared up by the giving of the additional test as required.

DONE AND ORDERED, in West Palm Beach, Florida, this 2nd day of August, 1989.